Traci CANTRELL, Plaintiff,

v.

DELTA AIRLINES, INC., Defendant.

No. Civ.A. 1:96CV–939–RWS.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 27, 1998.

Allan Leroy Parks, Jr., Matthew C. Billips, K. Lee Adams, Kirwan, Parks, Chesin & Miller, Atlanta, GA, for Plaintiff.

Hunter R. Hughes, III, Rogers & Hardin, Atlanta, GA, Marguerite Hopkins Taylor, Benjamine Alexander Stone, Delta Air Lines, Inc. Law Dept., Atlanta, GA, for Defendant.

## ORDER

STORY, District Judge.

Plaintiff Traci Cantrell brought this civil rights action for damages and equitable relief, alleging violations of her rights under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. [hereinafter referred to as the "ADA"], and the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. [hereinafter referred to as the "FMLA"]. This case is before the Court on Defendant's Motion for Summary Judgment [29–1]. After reviewing the entire record and considering arguments of the parties, this Court enters the following Order.

**1.** From October of 1989 to October of 1990, Plaintiff was on maternity leave. During this period, Plaintiff did not have any symptoms re-

## I. FACTUAL BACKGROUND

Plaintiff Traci Cantrell began her employment with Delta as a flight attendant on May 1, 1985. During Plaintiff's first year of employment, Plaintiff was absent a total of twelve days encompassing five occasions. Subsequently, Plaintiff received repeated warnings regarding her absenteeism. Plaintiff was placed on probation in February of 1989 as a result of her attendance record. Plaintiff's May 1989 annual evaluation showed an improvement in her attendance record; Plaintiff was absent on one occasion for three days for the period of February of 1989 until May of 1989. Plaintiff was removed from probation in August of 1989 due to her good attendance record.[1]

Plaintiff was treated by Dr. George Jones from 1980 until 1988. In June of 1988, Dr. Jones diagnosed Plaintiff with asthmatic bronchitis. In 1991, Dr. Paul S. Rabinowitz diagnosed Plaintiff with common allergies. Plaintiff complained of a runny nose, itchy and watery eyes, heavy chest congestion, coughing, wheezing, and hoarseness. Dr. Rabinowitz also noted that Plaintiff had "possible asthma, by history." Except for seeing nurses at Dr. Rabinowitz's office to receive allergy shots, Plaintiff did not see Dr. Rabinowitz or any other doctor in his office between October of 1991 and April of 1994. However, Plaintiff visited community medical centers for her breathing problems.

In November of 1991, Plaintiff was suspended for ten days due to her attendance record. In the following December, Plaintiff was placed on six-months formal probation for the same reason. Plaintiff was absent 21 days from May of 1993 through May of 1994, and 21 days in the subsequent year. On November 25, 1994, Plaintiff was again suspended and later terminated.

## II. LEGAL ANALYSIS

A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that the court shall grant summary if "the pleadings, depositions, answers to inter-

lated to bronchitis, asthma, or allergies. Plaintiff also took one month of company convenience leave in April of 1993.

rogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to any material fact and that (2) the moving party is entitled to judgment as a matter of law." The applicable substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* at 249–50, 106 S.Ct. at 2510–11.

When the non-movant has the burden of proof at trial, the movant may carry its burden at summary judgment by demonstrating the absence of an essential element of the non-movant's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.E.2d 265 (1986). In determining whether the movant has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the non-movant. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14. If the movant meets this burden, the non-movant then has the burden of showing that summary judgment is not appropriate by setting forth "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.Proc. 56(e).

In employment discrimination cases, if there is a lack of direct evidence of discrimination, the plaintiff has the initial burden of proving a prima facie case. *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.E.2d 668 (1973). Once the plaintiff has met its burden, the burden shifts to the employer to show some non-discriminatory reason for the termination. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817. If the employer meets this burden, the plaintiff must then prove that the proferred reason is pretext. *Id.*

B. Family Medical Leave Act

▮▮▮▮ Plaintiff alleged Defendant violated her rights under the FMLA by terminating Plaintiff because of her use of sick leave available under Defendant's normal policies.[2] Defendant contends Plaintiff did not work the 1,250 hours necessary to be eligible for relief under the Act.

Under the FMLA, an employer is prohibited from interfering with, restraining, or denying an employee the exercise of any right to leave under the Act. 29 U.S.C. § 2615. See also 29 U.S.C. §§ 2611–2619. Only eligible employees are entitled to leave under the Act. 29 U.S.C. § 2612. Defendant argues Plaintiff is not an "eligible employee" under the Act, and Defendant's motion as to the FMLA claim should be granted. In contrast, Plaintiff argues FMLA eligibility is presumed in the case at bar, and Defendant's motion should be denied.

Whether Plaintiff is an "eligible employee" must be determined by the relevant statutes and case law. "Eligible employee" is defined under 29 U.S.C. § 2611(2)(A) as an employee who has been employed for at least 12 months by the employer and has completed at least 1,250 hours of service with such employer during the previous 12-month period. See also 29 C.F.R. § 825.110(a). If an employer does not maintain an accurate record of hours worked by an employee, the employer has the burden of showing that the employee has not worked the requisite hours. 29 C.F.R. § 825.110(c). "An employer must be able to clearly demonstrate that such an employee did not work 1,250 hours during the previous 12 months in order to claim that the employee is not 'eligible' for FMLA leave." Id. Defendant contends it has kept accurate records of all hours worked for all fight attendants, and Plaintiff has not worked a minimum of 1,250 hours during the 12-month period after the FMLA became effective or the 12-month period prior to her suspension on November 25, 1994. Plaintiff argues Defendant failed to keep an accurate

---

**2.** Although 29 C.F.R. § 825.700 states that an employer must abide by any employment benefit program or plan that provides greater medical leave rights to employees than the rights provided by the FMLA, this provision does not provide a private cause of action under the Act for any alleged violation of an employer plan. See *Rich v. Delta Air Lines Inc.,* 921 F.Supp. 767 (N.D.Ga.

1996). Cf. *Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.E.2d 82 (1979) (where section of Securities Exchange Act did not expressly provide for a private cause of action, it was not necessary to determine whether an implied private remedy was necessary to effectuate the purposes of that section).

record of hours worked and Plaintiff is presumed to be an eligible employee.

Whether an employee has worked the minimum 1,250 hours of service is determined according to the principles established under the Fair Labor Standards Act for determining compensable hours of work (see 29 C.F.R. Part 785). The determining factor is the number of hours an employee has worked for the employer within the meaning of the FLSA. The determination is not limited by methods of recordkeeping, or by compensation agreements that do not accurately reflect all of the hours an employee has worked for or been in service to the employer. Any accurate accounting of actual hours worked under FLSA's principles may be used.

29 C.F.R. § 825. 100(c). According to *Birdwell v. City of Gadsden*, 970 F.2d 802, 807 (11th Cir.1992), "Whether a certain set of facts and circumstances constitute work for purposes of the FLSA is a question of law." Generally, periods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked. 29 C.F.R. § 785.16. See also *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944).

Defendant contends it maintains records of hours worked and refers to each period of work as "duty hours." Defendant keeps records of all "duty hours" completed by each flight attendant. Plaintiff was required to report for duty forty-five minutes prior to the scheduled departure of a flight, and Plaintiff was responsible for assisting disembarking passengers and readying the plane for the next flight. However, "duty hours" begin at sign-in, the time at which a flight attendant is required to report for a trip, and end at "block-in," the time at which the flight stops at the gate when it arrives from its last trip. Defendant did not record the time Plaintiff performed duties after each flight "blocked-in," and Plaintiff testified that she

worked between 20 and 30 minutes after each flight "blocked-in." Defendant's failure to record this time leads the Court to conclude that Defendant did not keep an accurate accounting of hours actually worked. Therefore, Defendant has the burden of showing that Plaintiff has not worked the requisite hours. See 29 C.F.R. § 825.110(c).

Defendant explains that by multiplying the time Plaintiff remained on board after "block-in" by the number of duty periods, the period between sign-in and "block-in," one can determine the amount of time spent "working" in addition to "duty hours." As a result of applying this formula, Defendant's evidence demonstrates that Plaintiff worked no more than 777 hours during the 12–month period after the FMLA became effective and no more than 740 hours during the 12–month period prior to Plaintiff's suspension. See Russell Affidavit. Plaintiff failed to present any evidence on the issue of hours of service contrary to Defendant's evidence.[3] Therefore, Plaintiff is not an eligible employee under the FMLA, and this Court must grant Defendant's motion as to this claim.

### C. Americans with Disabilities Act

Plaintiff alleged Defendant refused to provide Plaintiff with reasonable accommodations for her disability, discharged her because of her disability and discriminated against her based on her disability. To establish a prima facie case under the ADA, the plaintiff must show that she has a disability, she is a qualified individual, and she was discriminated against because of her disability. *Harris v. H. & W. Contracting Co.*, 102 F.3d 516 (11th Cir.1996).

■ Defendant contends it is entitled to summary judgment because Plaintiff was not an "individual with a disability." According to 42 U.S.C. § 12112, "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual. . . ." Under the ADA, "dis-

---

**3.** Plaintiff testified at her deposition that she required to report for duty forty-five minutes prior to departure of a scheduled flight; however, in opposition to Defendant's motion, Plaintiff submitted an affidavit in which she testified that she was required to report one hour before de-

parture. Plaintiff's self-contradictory testimony does not create an issue of fact necessary to defeat Defendant's motion for summary judgment. See *Van T. Junkins and Assoc. v. U.S. Indus., Inc.*, 736 F.2d 656 (11th Cir.1984).

ability" is defined as a physical or mental impairment that substantially limits one or more of the major life activities of such individual, a record of such an impairment, or being regarded as having such an impairment.[4] 42 U.S.C. § 12102(2). Federal regulations provide a non-exhaustive list of "major life activities;" this list includes caring for oneself, performing manual tasks, walking, seeing, breathing, learning and working. See *Abbott v. Bragdon, D.M.D.*, 107 F.3d 934 (1st Cir.1997); 29 C.F.R. § 1630.2(i). Whether Plaintiff is "substantially limited" in her ability to perform a major life activity depends on whether the average person in the general population could perform such tasks or whether Plaintiff is significantly restricted as to the condition, manner or duration under which she could perform such tasks as compared to the average person in the general population.[5] 29 C.F.R. § 1630.2(j)(1)(ii). In determining whether Plaintiff is substantially limited by a physical impairment, the Court should also consider the nature and severity of the impairment, the duration or expected duration of the impairment, and the permanent or long term impact, or the expected permanent or long term impact of the impairment. 29 C.F.R. § 1630.2(j)(2).

Plaintiff contends her impairment is asthma and this impairment substantially limits her breathing. By affidavit, Plaintiff testified that her symptoms included severe nasal congestion, heaviness in the chest, shortness of breath, wheezing and coughing. These symptoms last as long as three days or up to two weeks. As to whether Plaintiff is substantially limited, Dr. Rabinowitz testified that patient's with asthma have hypersensitive lungs that contract more easily than normal people and this sensitivity results in inflammation, spasms and mucous production. Consequently, Plaintiff has shown that she suffers from a respiratory disorder which substantially affects her breathing. Therefore, Plaintiff has demonstrated there is a factual issue as to whether she is an "individual with a disability" under the Act.

▆ Although Plaintiff may be an individual with a disability, Plaintiff must also show that she is "qualified" for her position as a flight attendant. Defendant contends Plaintiff is not a qualified individual with a disability because dependability is an essential function of Plaintiff's employment and Plaintiff could not meet Defendant's dependability requirement. Plaintiff argues Defendant's dependability criterion is too subjective and should not be considered by the court in determining whether Plaintiff was qualified. According to 42 U.S.C. § 12111(8),

> The term 'qualified individual with a disability' means an individual with a disability who with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job.

The evidence of Plaintiff's attendance record indicates that Plaintiff is not a qualified individual because she cannot perform the essential functions of the employment position that she holds or desires even with reasonable accommodation. To be a qualified individual "an employee must be able to meet all of a program's requirements in spite of his [disability]."[6] *Southeastern Community College*

---

4. A physical or mental impairment is any physiological disorder, or condition, affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory, cardiovascular, reproductive, digestive, genito-urinary, heroic and lymphatic, skin, and endocrine. 29 C.F.R. § 1630.2(h)(1).

5. Defendant's arguments address the issue of whether Plaintiff is "substantially limited" in terms of duration only, while ignoring limits on the manner and condition under which the "major life activity" is performed.

6. Under 42 U.S.C. § 12117(b), administrative agencies should enforce the provisions of the Rehabilitation Act of 1973 and the Americans with Disabilities Act consistently. Both statutes provide similar definitions for the term "qualified individual." Therefore, case law interpreting the Rehabilitation Act of 1973 is relevant to this analysis. See e.g. *Tyndall v. National Edu-*

*v. Davis,* 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979). Plaintiff failed to meet the dependability requirement necessary to maintain employment with Defendant and was consequently terminated.

The case at bar is similar to *Jackson v. Veterans Administration,* 22 F.3d 277 (11th Cir.1994). In *Jackson,* the plaintiff, a housekeeping aid, alleged his termination from the Veterans Administration was a violation of the Rehabilitation Act. The Court of Appeals held because the plaintiff "was absent numerous times on a sporadic, unpredictable basis, he could not fulfill the essential function of his employment, that of being present on the job." *Jackson,* 22 F.3d at 279. Similarly, Plaintiff's consistent attendance is an essential function of her employment.

Plaintiff argues *Jackson* is distinguishable from the case at bar because in *Jackson* the employer did not provide for other employees to cover unexpected absences. In the case at bar, Defendant must meet Federal Aviation Administration regulations regarding the number of flight attendants on its flights; consequently, Defendant has on-call flight attendants to cover absent employees. However, this distinguishing factor does not require the Court to conclude that dependability is not an essential function of Plaintiff's position. In the case at bar, the failure to attend regularly prevents Plaintiff from performing any function of her position, both essential and non-essential.

▪ Furthermore, Defendant submitted evidence that it considers dependability to be an essential function of the position. Defendant's exhibits include an excerpt from Delta's In–Flight Service Handbook. The handbook states, "It is incumbent upon all Delta personnel to report for assignments in a punctual manner and on a consistent basis to fulfill all duties of the job . . . ." Plaintiff does not dispute the number of absences; however, Plaintiff contends she was qualified because her absences were within Defendant's sick leave policy. Even though Plaintiff's absences were within Defendant's policy, Defendant submitted evidence that it considered Plaintiff's overall work record in decid-

ing to terminate Plaintiff and not Plaintiff's use of sick leave. Plaintiff was discharged because she failed to report for work on a regular basis. Furthermore, because sick leave does not accumulate from one year to the next, an employee's use of sick leave cannot be a determinant of dependability. Although Plaintiff criticized Defendant's dependability policy as vague and meaningless, Plaintiff failed to present any evidence that she could meet all of Defendant's job requirements. Plaintiff also failed to demonstrate that she was terminated because of her alleged disability. Many of Plaintiff's absences were not attributable to allergies or asthma. Therefore, Plaintiff failed to establish a prima facie case under the ADA.

### III. CONCLUSION

For the aforementioned reasons, Defendant's Motion for Summary Judgment [24–1] is **GRANTED.**

**SO ORDERED.**

*cation Centers. Inc. of California,* 31 F.3d 209    (4th Cir.1994).