**David PENNANT, Plaintiff,**

v.

**CONVERGYS CORPORATION, Defendant.**

No. 04–60909–CIV.

United States District Court, S.D. Florida.

March 31, 2005.

Elizabeth Graddy, Esq., Adorno & Yoss, P.A., Coral Gables, FL, for Plaintiff.

Thomas Mead Santoro, Esq., Nikki M. Setnor, Esq., Jackson Lewis LLP, Miami, FL, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COHN, District Judge.

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment [DE # 37]. The Court has carefully reviewed the motion, Plaintiff's response in opposition [DE # 45], Defendant's reply [DE # 48], and is otherwise fully advised in the premises.

### I. *BACKGROUND*

This case has been brought under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654. The defendant, Convergys Corporation, employed persons to make marketing telephone calls across state lines. The plaintiff, David Pennant, was employed by the defendant as a telephone sales representative for at least one year prior to February 28, 2003, and was employed within 70 miles of a site where at least 50 workers were employed by the defendant. The plaintiff contends that the

defendant denied him the medical leave[1] that he was entitled to under the FMLA and that the defendant terminated his employment and benefits in retaliation for his attempt to exercise his right to leave under the FMLA.

### A. *Procedural History*

On July 12, 2004, the plaintiff filed a *pro se* Complaint against the defendant. (DE # 1). The complaint asserted, *inter alia,* a cause of action for violations of the FMLA. On August 20, 2004, the plaintiff filed an Amended Complaint, again asserting a FMLA cause of action. (DE # 5). On November 5, 2004, Elizabeth Graddy filed a Notice of Appearance on behalf of the plaintiff. (DE # 12). On November 29, 2004, the Court issued an Order Granting Motion for Extension of Pre–Trial Scheduling Dates and Continuance of Trial. (DE # 18).

On January 11, 2005, the Court issued an Order Granting Plaintiff's Unopposed Motion for Leave to File Second Amended Complaint, which was deemed filed as of the date of the Order. (DE # 25). The Second Amended Complaint asserted causes of action for violations of the FMLA and the Americans with Disabilities Act. (DE # 23). On January 27, 2005, the plaintiff filed a Notice of Voluntary Dismissal of Count II of his Second Amended Complaint for violation of the Americans with Disabilities Act. (DE # 30). On February 8, 2005, the defendant filed its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint. (DE # 31).

On February 28, 2005, the Court issued an Order Denying Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint in its Entirety Pursuant to Rule 41(a)(2). (DE # 34).

## II. *ANALYSIS*

### A. *Summary Judgment Standard*

Summary judgment is appropriate only when the evidence before the Court establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). All evidence must be viewed in the light most favorable to the nonmoving party. *See Crosby v. Monroe County,* 394 F.3d 1328, 1332 (11th Cir.2004). If the evidence could not lead a rational fact-finder to find for the nonmoving party, and where the nonmoving party fails to make a sufficient showing to demonstrate an element essential to that party's case on which that party bears the burden of proof at trial, then no genuine issue of material fact exists, and summary judgment should be granted. *See McDowell v. Brown,* 392 F.3d 1283, 1288–89 (11th Cir.2004). For factual issues to be considered genuine, they must have a real basis in the record. *Id.* at 1289.

### B. *Family and Medical Leave Act*

The purpose of the FMLA is to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity. *See* 29 U.S.C. § 2601(b)(1). The FMLA entitles employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition. *See* § 2601(b)(2). The purposes of the FMLA should be carried out in a manner that accommodates the legitimate interests of employers. *See* § 2601(3).

In order for employees to be eligible for coverage under the FMLA, they must have been employed for at least 12 months

---

1. The plaintiff states that he needed surgery on his finger, as well as eye surgery.

by the employer with respect to whom leave is requested and must have accumulated at least 1,250 hours of service with such employer during the previous 12–month period. *See* § 2611(2)(A). An employee is not eligible for FMLA coverage if the employee is employed at a worksite at which the employer "employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." *See* § 2611(B).

An employee eligible for FMLA coverage is entitled to a total of 12 workweeks of leave during any 12–month period for one or more of the following: (1) the birth of a son or daughter of the employee and in order to care for such son or daughter; (2) the placement of a son or daughter with the employee for adoption or foster care; (3) in order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition; and (4) because of a serious health condition that makes the employee unable to perform the functions of the position of such employee. *See* § 2612(a)(1).

### C. *Number of Hours Worked by Plaintiff*

■ There are two types of claims that an employee can bring pursuant to the FMLA to preserve and enforce his rights, an interference claim and a retaliation claim.[2] *See Strickland v. Water Works and Sewer Bd. of the City of Birmingham,* 239 F.3d 1199, 1206 (11th Cir. 2001) (*citing* § 2615). In an interference claim, the employee asserts that his employer denied or otherwise interfered with his substantive rights under the FMLA. *Id.* Here, the plaintiff's claim that the defendant denied him the leave that he was due under the FMLA is an interference claim. To state a claim for interference with a substantive right, an employee need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied. *Id.* at 1206–07.

■ It is undisputed that the plaintiff was employed by the defendant for at least 12 months and that he was employed at a worksite where 50 or more employees were employed by the defendant within 75 miles of that worksite. However, the defendant argues that the plaintiff was not employed for at least 1,250 hours during the applicable 12–month period.[3] (DE # 37). The plaintiff's last day of work was February 27, 2003. The determination of whether an employee has been employed for at least twelve months for FMLA eligibility "must be made as of the date leave commences." *See Walker v. Elmore County Bd. of Educ.,* 379 F.3d 1249, 1253 n. 10 (11th Cir.2004) (*quoting* 29 C.F.R. § 825.110(d)). Thus, the applicable 12–month period for determining the amount of hours that the plaintiff worked for purposes of the FMLA is February 27, 2002 through February 27, 2003 (the "applicable period").

■ Defendant submits its business records as proof that the plaintiff worked approximately 1,123.60 hours between February 27, 2002 and February 27, 2003. (DE # 38 Ex. C–E) ("business records").

---

**2.** The plaintiff's retaliation claim is discussed in section E. *infra.*

**3.** The Court notes that notwithstanding any alleged deficiency in the defendant's affirmative defenses, the fact remains that in order for an employee to qualify for leave under the FMLA he must have accumulated at least 1,250 hours of service. *See* § 2611(2)(A). The burden is on the plaintiff to prove that he qualified for FMLA leave. *See Strickland v. Water Works and Sewer Bd. of the City of Birmingham,* 239 F.3d 1199 (11th Cir.2001). An alleged deficiency in an affirmative defense does not discharge the plaintiff of his burden.

Pursuant to Rule 803(6) of the Federal Rules of Evidence, a business record is not excluded by the hearsay rule, even though the declarant is available as a witness. *See* Fed.R.Evid. 803(6). Rule 803(6) provides:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Fed.R.Evid. 803(6).

The defendant has submitted the affidavit of Anthony Dionisio. Dionisio has been employed by the defendant as its Senior Manager of Human Resources since August 2000 and is responsible for overseeing human resource matters. (DE # 38 Ex. 2). In paragraph 14 of his affidavit,[4] Dionisio stated that "The Exhibits attached to this Affidavit are true and correct copies of documents prepared in the regular course of business and made and maintained as a regular practice of the Company." (DE # 38 Ex. 2). Dionisio, as the defendant's Senior Manager of Human Resources, is qualified to state to the Court that the business records are true and correct copies of documents prepared in the regular course of business and made and maintained as a regular practice of the defendant. Accordingly, the business records are admissible evidence as they fall within a recognized exception to the hearsay rule.

The plaintiff disputes the defendant's calculation that he worked approximately 1,123.60 hours during the applicable period on two grounds. First, the plaintiff avers that the business records are not accurate and that plaintiff testified to that effect in his deposition. (DE # 45) (*citing* DE # 45 Ex. B at 35). Second, the plaintiff claims that Dionisio corroborated the inaccuracies of the business records in his deposition. (DE # 45) (*citing* DE # 45 Ex. C at 12).

During the deposition of Dionisio the following exchange transpired:

Q. Are you aware of any mistakes regarding payroll?

A. Payroll as a whole?

Q. Any person's check being wrong, for example.

A. Yes.

Q. Has it happened?

A. Sure, yes.

(DE # 45 Ex. C at 12). Dionisio's testimony does not impugn or cast doubt on the accuracy of the business records. Moreover, the plaintiff testified at his deposition that there has been only "an occasion or two" when the hours on his paycheck were incorrect, and that in "most cases" the discrepancy was identified by the plaintiff and corrected. (DE # 45 Ex. B at 35–36). A reasonable jury could not find that the one paycheck of the plaintiff's that was not corrected could have been inaccurate by 126.4 hours, the additional hours needed by the plaintiff to reach the minimum number of hours to be covered under the FMLA.

The plaintiff contends that "even if Defendant's calculation accurately reflects Mr. Pennant's 'hours payable,' it does not accurately reflect his hours worked." (DE

---

4. While the plaintiff has asked the Court to disregard portions of Dionisio's affidavit, the plaintiff has not asked the Court to disregard paragraph 14. (DE # 45).

#45). Plaintiff states in an affidavit, filed after the defendant filed its summary judgment motion, that he was required to clock in and out six to eight times a day, an exercise that required as much as one to two minutes per clock in and out. (DE #45 Ex. A). In addition, the plaintiff argues that the defendant's calculations exclude his breaks, which were approximately 20 minutes long and were taken one to two times a day. (*Id.*)

■ The Court "may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n. 7 (11th Cir.2003)(*citing Van T. Junkins and Assoc., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir.1984)) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact [for summary judgment], that party cannot thereafter create an issue with an affidavit that merely contradicts, *without explanation,* previously given clear testimony.") (emphasis added by *McCormick*). Such an affidavit would be a sham. *Id.*

Here, there is an inherent inconsistency between the plaintiff's affidavit and his deposition testimony. At deposition, the plaintiff was asked unambiguously about errors in his paychecks. The plaintiff clearly responded that there has only been "an occasion or two" when the hours on his paycheck were incorrect, and that in "most cases" the discrepancy was identified by the plaintiff and corrected. (DE #45 Ex. B at 35–36). The plaintiff's deposition testimony is devoid of any statement that his paychecks were wrong every pay period because they did not credit him for clocking in and out or for his breaks. Moreover, the plaintiff has not explained the inherent inconsistency between his deposition testimony and his affidavit. The plaintiff's affidavit does not create a genuine issue of material fact necessary to defeat the defendant's motion for summary judgment. *See Cantrell v. Delta Airlines, Inc.*, 2 F.Supp.2d 1460, 1463 n. 3 (N.D.Ga. 1998) (*citing Van T. Junkins and Assoc.*) The Court will disregard the plaintiff's affidavit as a sham.

■ Moreover, notwithstanding the fact that the business records do not support a finding that the plaintiff clocked in and out six to eight times a day, assuming *arguendo* that he did and that the act of clocking in and out constitutes "work," under the Portal–to–Portal Act an employer is not subject to any liability or punishment for failure to comply with Fair Labor Standards Act[5] provisions if the activities the employee conducted are preliminary or postliminary to said employee's principal activity or activities. *See* 29 U.S.C. § 254(a). Activities such as "checking in and out... would not ordinarily be regarded as integral parts of the principal activity or activities." 29 C.F.R. § 790.8.[6] Thus, the alleged clock in and out time is not compensable.[7]

---

**5.** For purposes of determining whether an employee meets the hours of service requirement for the FMLA, the legal standards established under 29 U.S.C. § 207, the Fair Labor Standards Act, apply. *See* 29 U.S.C. § 2611.

**6.** The plaintiff has not shown that he clocked in and out pursuant to a provision of a written or nonwritten contract in effect, or because of a custom or practice in effect at the place where he was employed, conducted during the portion of the day with respect to which it is so made compensable. *See* 29 U.S.C. § 254.

**7.** *Kosakow v. New Rochelle Radiology Associates, P.C.*, 274 F.3d 706 (2d Cir.2001), cited by the plaintiff, is distinguishable. In *Kosakow* the plaintiff argued that in order to fulfill her job responsibilities it was necessary for her to arrive fifteen minutes early to work and that such time should count toward her hours worked. Here, the plaintiff did not aver that

In summary, the plaintiff worked for approximately 1,123.60 hours during the applicable period. Thus, he does not qualify for benefits of the FMLA because he did not work the 1,250 hours required by law.

### D. *Estoppel*

The plaintiff argues the defendant is estopped from asserting the plaintiff's ineligibility for FMLA coverage because of alleged representations made to him by his supervisor, Miriam Payne. There is no support from the Eleventh Circuit for applying the doctrine in FMLA cases. While other Circuits have applied the doctrine in such a context,[8] the Eleventh Circuit has not. *See Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 797 n. 4 (11th Cir.2000), *cert. denied,* 532 U.S. 1037, 121 S.Ct. 1998, 149 L.Ed.2d 1001 (2001) (declining to speculate what the result of the case might have been if there had been facts to support a detrimental reliance argument). Absent a directive from the Eleventh Circuit, this Court declines to apply the doctrine.

### E. *Retaliation*

The plaintiff contends that the defendant terminated his employment and benefits in retaliation for his "attempt to exercise his right to take leave" under the FMLA. (DE # 23). The FMLA prohibits an employer from retaliating against an employee who attempts to exercise any FMLA-created right. *See Walker,* 379 F.3d at 1250. To state a claim of retaliation under the FMLA, an employee must allege that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to a protected activity. *Id.* at 1252 (*citing Strickland,* 239 F.3d at 1207).

In *Walker,* the question before the Eleventh Circuit was whether a request for leave made by an employee who is ineligible at the time of her request constitutes an attempt to exercise a FMLA right. *Id.* at 1250. The Eleventh Circuit found that the plaintiff's claim failed at the first step in the retaliation analysis because her request for leave was not protected by the FMLA. *Id.* at 1252. The Court, noting that the right to leave is provided only to eligible employees, held that the FMLA "does not protect an attempt to exercise a right that is not provided by FMLA, i.e., the right to leave before one become eligible therefor." Id. at 1253. Thus, an employee who is ineligible for FMLA leave does not have a valid cause of action for retaliation under the FMLA.

Here, the plaintiff did not work the 1,250 hours required to receive FMLA coverage. Thus, he was ineligible for leave under the FMLA and therefore does not have a valid retaliation cause of action.

### III. *CONCLUSION*

Based upon the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

---

he was required to arrive early to work to fulfill his job requirements.

8. *See Duty v. Norton–Alcoa Proppants,* 293 F.3d 481, 493–94 (8th Cir.2002) (finding the district court did not abuse its discretion in applying equitable estoppel where the employee relied on written correspondence from employer); *Kosakow v. New Rochelle Radiolo-* gy *Associates, P.C.,* 274 F.3d 706, 727 (2d Cir.2001) (finding that on remand the district court could conclude that equitable estoppel applies). *Woodford v. Cmty. Action Of Greene County, Inc.,* 268 F.3d 51 (2d Cir.2001) discusses, in *dicta,* the potential availability of equitable estoppel. *See also Dormeyer v. Comerica Bank–Illinois,* 223 F.3d 579, 582 (7th Cir.2000) (same).

(1) Defendant Convergys Corporation's Motion for Summary Judgment [DE # 37] is hereby **GRANTED**.

(2) Judgment is hereby entered on behalf of Defendant Convergys Corporation and against Plaintiff David Pennant, and Plaintiff shall take nothing from Defendant in this action.

(3) Defendant's Motion for Rule 11 Sanctions [DE # 40] remains pending.

(4) All other pending motions are **DE-NIED AS MOOT**.