[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11516

Non-Argument Calendar

_____

CRYSTAL G. JORDAN,

Plaintiff-Appellant,

*versus*

ATLANTA PUBLIC SCHOOLS,

Defendant-Appellee,

GEORGIA PROFESSIONAL STANDARDS COMMISSION,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-00994-JPB

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Crystal Jordan, proceeding *pro se*, appeals the district court's judgment in favor of her former employer, Atlanta Public Schools, on her Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, retaliation claims.

To succeed on an FMLA retaliation claim, an employee must show that: (1) she availed herself of a protected right under the FMLA; (2) she suffered an adverse employment decision; and (3) there was a causal connection between the protected activity and the adverse employment decision. *Hicks v. City of Tuscaloosa, Ala.*, 870 F.3d 1253, 1257 (11th Cir. 2017) (reviewing denial of a motion for judgment as a matter of law). If these elements are satisfied, the burden then shifts to the employer to articulate a legitimate, non-retaliatory reason for the adverse action. *Walker v. Elmore Cnty. Bd. of Educ.*, 379 F.3d 1249, 1252 (11th Cir. 2004). The employee then bears the burden of showing that the employer's proffered reason is pretext for unlawful retaliation. *Id.*

A *pro se* complaint must be liberally construed. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, this

leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). And issues not briefed on appeal, even by *pro se* appellants, are abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

The district court concluded that all of Jordan's FMLA claims failed because she "provided no evidence showing that the relevant decisionmakers responsible for each employment action raised knew [she] had taken FMLA leave at the time each decision was made." And even assuming such knowledge, the district court explained that Jordan presented "no evidence" that her FMLA leave was related to any of the employment actions raised. Thus, Jordan failed to establish a causal connection between the adverse actions and her FMLA leave. The district court explained that her claims also failed because APS had shown non-discriminatory reasons for each of the alleged adverse actions, and she failed to show that APS's proffered reasons were pretextual.

On appeal, Jordan does not meaningfully challenge, let alone address the district court's reasoning on the merits of her FMLA claims. Nor does she intelligibly explain her position as to any of the myriad ancillary issues she mentions in her brief. Instead, she provides a stream of incoherent arguments insisting that the district court erred. Thus, she has abandoned any challenge to the district court's order. *Timson*, 518 F.3d at 874; *see also Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

4                    Opinion of the Court                    21-11516

Accordingly, the district court is **AFFIRMED.**