[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 5, 2004
THOMAS K. KAHN
CLERK

_____

No. 02-16509

_____

D.C. Docket No. 001-00067 CV-T-N

BRANDI HARE WALKER,

Plaintiff-Appellant,

versus

ELMORE COUNTY BOARD OF EDUCATION,

Defendant-Appellee,

GWENDOLYN DIXON, in her individual
and official capacity,
ROBERT P. MURCHISON, in his individual
and official capacity,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(August 5, 2004)**

Before TJOFLAT, BARKETT and HILL, Circuit Judges.

TJOFLAT, Circuit Judge:

The Family and Medical Leave Act of 1993, Pub. L. No. 103-3, 107 Stat. 6, codified at 29 U.S.C. §§ 2601-54 (the "FMLA" or "Act"), requires "employers"[1] to provide "eligible" employees with up to twelve weeks of unpaid leave to care for a newborn child. 29 U.S.C. § 2612. An eligible employee is an employee who has worked for the employer for twelve months and for at least 1,250 hours in the preceding year. 29 U.S.C. § 2611. The Act prohibits an employer from retaliating against an employee who attempts to exercise any FMLA-created right. 29 U.S.C. § 2615(a).[2]

The question this appeal presents is whether a request for maternity leave made by an employee who is ineligible at the time of her request constitutes an attempt to exercise a FMLA right. The district court answered this question in the affirmative, but denied the employee's claim that her employer had retaliated against her for requesting the maternity leave. We affirm the district court's

---

[1] The act defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i).

[2] Section 2615(a) makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]."

decision on the ground that the Act does not protect the attempt made in this case.[3]

## I.

In August 1999, the Board of Education for Elmore County, Alabama (the "School Board" or "Board"), hired Brandi Hare Walker to teach third grade at the Robinson Springs School for one year.[4]  Walker reported for work on August 9, 1999.  The contract, which required Walker to teach until the school year ended on May 19, 2000, would be automatically renewed unless the School Board elected not to renew it,[5] and provided that Walker would be paid $28,394 in twelve monthly installments beginning September 30, 1999, and ending August 30, 2000.

In December, Walker informed the principal of the Robinson Springs School that she was pregnant.  The following April, Walker told the principal that she was due on August 2 and inquired as to what she should do to obtain maternity

---

[3] "A correct judgment may be affirmed on any ground regardless of the grounds addressed, adopted or rejected by the district court."  Sosa v. Chase Manhattan Mortgage Corp., 348 F.3d 979, 983 (11th Cir. 2003).

[4] In determining whether the district court erred in granting the summary judgment, we take the evidence in the light most favorable to the nonmovant.  Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1271 (11th Cir. 2003).  The facts recited in part I reflect the evidence viewed in such light.

[5] Under Alabama law, teachers are deemed to have been offered reemployment for the succeeding school year unless the employing board of education notifies them to the contrary in writing by June 15.  Ala. Code § 16-24-12.

leave following the child's arrival. The principal told Walker that she should make her request for leave in a letter to the School Board. She recommended that Walker wait until the Board decided whether her contract would be renewed for the next school year.

The School Board made its decision on May 15. It met that day to receive the superintendent of school's recommendations on personnel actions, including the renewal of the one-year teacher contracts. Walker's principal had told Walker on May 12 that the School Board would not be renewing her contract, and on May 16, the superintendent of schools informed her by letter that such was the case.

Walker gave birth to a daughter on July 27, 2000. On August 3, the teachers in the Elmore County school system reported for work for the 2000-2001 school term.

## II.

On January 17, 2001, Walker brought this lawsuit against the Elmore County Board of Education, the superintendent of schools and the principal of Robinson Springs School.[6] From the allegations of her complaint, the district court concluded that Walker was bringing two claims. The first, which the court

---

[6] Walker sued the superintendent and principal in both their official and individual capacities.

labeled a "prescriptive" claim, assumed that Walker was an eligible employee and asserted that the School Board denied her right to maternity leave. The second, which the court labeled a "proscriptive" claim, asserted that the School Board decided not to renew Walker's teaching contract in retaliation for her request for FMLA leave. The superintendent and the principal moved the district court to dismiss them from the case on the ground that they were not employers as defined by the Act. The court agreed and granted their motion. The School Board also moved for dismissal and alternatively for summary judgment. The court withheld ruling on the alternative motions pending the close of discovery. After discovery was completed, the court granted the Board summary judgment. Walker v. Elmore County Bd. of Educ., 223 F. Supp. 2d 1255, 1256 (M.D. Ala. 2002).

Turning to Walker's "prescriptive" claim, the district court held that Walker was not an eligible employee—because she had not worked for the School Board for at least twelve months and for at least 1,250 hours of service during the previous twelve-month period—and had no right to the leave she requested. The court therefore denied relief on that claim.[7] Id. at 1258.

Addressing Walker's "proscriptive" claim, the district court first considered the threshold issue of whether the FMLA protects a request for maternity leave by

---

[7] The court's ruling on the "prescriptive" claim is not challenged in this appeal.

an ineligible employee.  Noting that other district courts had adopted the view that "any action taken by an employee before becoming an eligible employee cannot be protected activity under the FMLA," the district court nevertheless found that "some actions" taken by an employee before eligibility "may be" protected.  Id. at 1259.  Specifically, the court stated,

> where the employee, before she becomes eligible for FMLA, is putting the employer on notice of her intent to take FMLA leave after she becomes eligible for FMLA coverage, logic requires that the FMLA be read to require that the employee be permitted to make a retaliation charge against the employer for an adverse-employment action.

Id. at 1260.  The court then held that "although Walker was not an eligible employee when she delivered her child, and would not have been an eligible employee even if she had delivered on her anticipated delivery date," her request was protected by the Act because "almost all of her leave would have taken place during her FMLA-eligibility period."  Id. at 1261.

Having decided that the FMLA protected Walker from retaliation for her maternity leave request, the district court then addressed the merits of her claim.  Because Walker's claim—that the School Board decided not to renew her contract because she applied for maternity leave—was based on circumstantial evidence, the court applied the burden shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  Under that test, as

6

applied in the FMLA context at hand, if Walker established a prima facie case of retaliation, the burden of going forward with the evidence shifts to the Board. If it proffered a nonretaliatory reason for its adverse employment decision, Walker would have to show that the reason was a pretext for retaliation. In this case, the School Board proffered seven nonretaliatory reasons for not renewing Walker's contract.[8] The court then looked for evidence that the reasons were a pretext for retaliation and found none. Because, in the court's eyes, Walker had failed the McDonnell Douglas test, it granted the School Board's motion for summary judgment. Walker, 223 F. Supp. 2d at 1262-63.

Walker now appeals the district court's disposition of her "proscriptive" claim. She contends first that the evidence of the School Board's reasons for not renewing her contract was not evidence at all; rather, it consisted of unauthenticated exhibits attached to a memorandum the Board's counsel filed in support of the Board's motion for summary judgment. Second, assuming that those exhibits were properly before the court, Walker says that material issues of

---

[8] The reasons were:
(1) she did not maintain a proper relationship with parents; (2) she did not establish and maintain a proper relationship with children in her class, especially when disciplining them; (3) she did not maintain her bulletin board properly; (4) she did not timely submit data requested by her principal; (5) she did not maintain proper classroom control; (6) she referred students to the office about matters that she could and should have resolved in her classroom; and (7) her principal did not believe she would be a satisfactory teacher. Walker, 223 F. Supp. 2d at 1262.

fact remain as to whether the School Board's reasons were pretextual.

We need not decide whether Walker failed the McDonnell Douglas test because we conclude that Walker's request for maternity leave did not constitute a protected attempt to obtain an FMLA benefit.

III.

To state a claim of retaliation under the FMLA, "an employee must allege that (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." Strickland v. Water Works & Sewer Bd., 239 F.3d 1199, 1207 (11th Cir. 2001) (citation omitted) (applying the McDonnell Douglas analysis in a FMLA case). Contrary to the district court, we hold that Walker's claim fails at the first step in this analysis because her request for leave was not protected by the FMLA.

A.

We first note that Walker's case differs from the usual retaliation case because Walker was not an eligible employee under the FMLA at the time she requested maternity leave. According to Walker, however, requesting leave for which one will be eligible before one is actually eligible is an "attempt to exercise" a right provided by FMLA, and employers are prohibited from

8

retaliating against an employee for making such a request.  29 U.S.C. § 2615.

Unless we agree that the FMLA protects a request for leave that is to begin after

the employee achieves eligibility, Walker's case fails.

Examining the facts of this case closely, however, reveals that Walker's

case is <u>not</u> one "where the employee, <u>before</u> she becomes eligible for FMLA, is

putting the employer on notice of her intent to take FMLA leave <u>after</u> she becomes

eligible for FMLA coverage."  <u>Walker</u>, 223 F. Supp. 2d at 1260.  Here, Walker

would not have been eligible for leave even at the time her leave was to begin.[9]

Instead, Walker's request was for leave that would begin several days before she

would have become eligible had her contract been renewed.[10]  There can be no

doubt that the request—made by an ineligible employee for leave that would begin

when she would still have been ineligible—is not protected by the FMLA.  We

leave for another day the question of whether the FMLA protects a pre-eligibility

---

[9] Walker's maternity leave would have commenced on August 3, 2000, the first day upon which she would have been required to report for work following both her due date (August 2) and her actual delivery date (July 27).   The day Walker would have become eligible for FMLA leave, however, was her twelve-month anniversary at the school, August 9, 2000.

[10] Walker argues that she could have used sick leave to fill the time between the date she was required to report for work and the date upon which she would have become eligible for FMLA leave.  This argument misses the point, however, because the determination of whether an employee has been employed for at least twelve months for FMLA eligibility "must be made as of the date leave commences."  29 C.F.R. § 825.110(d).  For the same reason, the district court's holding that "almost all of [Walker's] leave would have taken place during her FMLA-eligibility period" is inapposite.  223 F. Supp. 2d at 1261.

9

request for post-eligibility maternity leave.

## B.

As a fallback position, Walker asserts that the FMLA protects a request for FMLA leave regardless of whether the employee would be eligible for the leave. This argument is based on the district court's holding that the FMLA "can protect someone who mistakenly asks for FMLA leave although they are ineligible." 223 F. Supp. 2d at 1259. We disagree with the district court's holding. The FMLA makes it unlawful for an employer to interfere with the attempt "to exercise[] any right provided under this subchapter," 29 U.S.C. § 2615(a)(1) (emphasis added), and the right to leave is provided only to eligible employees. 29 U.S.C. § 2612. While we do not reach the question of whether one can attempt to exercise a right under the FMLA that one will have in the future, we hold that the statute does not protect an attempt to exercise a right that is not provided by FMLA, i.e., the right to leave before one becomes eligible therefor.

## IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.