[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 10, 2012
JOHN LEY
CLERK

No. 10-14723
_____

D.C. Docket No. 0:10-cv-60773-FAM

KATHRYN PEREDA,
an individual,

Plaintiff - Appellant,

versus

BROOKDALE SENIOR LIVING COMMUNITIES, INC.,
a Delaware corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 10, 2012)

Before WILSON and FAY, Circuit Judges, and RESTANI, *Judge.

_____

*Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by
designation.

FAY, Circuit Judge:

Appellant Kathryn Pereda ("Pereda") appeals the district court's dismissal of her two-count complaint alleging interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq., against Appellee Brookdale Senior Living Communities ("Brookdale"). The district court held that because Pereda was not an eligible employee at the time she was terminated, she could not bring either claim under the FMLA. This appeal presents an issue of first impression for this Circuit: whether the FMLA protects a pre-eligibility request for post-eligibility leave. We answer that question in the affirmative, and therefore reverse.

I.

Brookdale operates senior living facilities. Pereda began her employment at the facility located at The Preserve at Palm-Aire in Pompano Beach, Florida on October 5, 2008. She was terminated 11 months later, in September of 2009. In June of 2009, Brookdale was advised that Pereda was pregnant and would be requesting FMLA leave after the birth of her child on or about November 30, 2009. Pereda alleges that, prior to Brookdale learning about her pregnancy, she was a top employee. After learning about her pregnancy, Pereda alleges that

2

Brookdale began harassing her, causing stress and other complications in her pregnancy. In addition, Pereda alleges that Brookdale's management began denigrating her job performance and placed her on a performance improvement plan with unattainable goals.

At the time of these complications, Pereda was eligible for accrued sick and personal leave. Pereda alleges that she was told by management that she could make doctors visits. Yet, after placing Pereda on the performance improvement plan, management began writing her up for taking leave to visit the doctor. Pereda alleges that other employees were not written up for taking the same. In August of 2009, Pereda took a few days off, notifying Brookdale via e-mail. When she returned to work, she was again written up by management for not getting verbal authorization for her absence.

Later that same month, Pereda continued to suffer more pregnancy-related medical issues. Pereda alleges that management told her she was eligible for non-FMLA leave, including the use of sick, personal, and vacation days. In early September, she again took time off after her physician instructed that she needed bed rest. She left a message with the Executive Director, but never heard back. Several days after she was finally able to reach someone at Brookdale, she was

fired.

On May 11, 2010, Pereda filed her Complaint against Brookdale alleging claims for interference (Count I) and retaliation (Count II) under the FMLA. Her Complaint asserted that "Brookdale [interfered with her] FMLA rights, insofar as Brookdale denied Pereda benefits under the FMLA to which she was entitled, and terminated her for attempting to exercise those rights." Brookdale moved to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On September 22, 2010,[1] the district court dismissed Pereda's Complaint. In its order of dismissal, the district court held that Brookdale could not have interfered with Pereda's FMLA rights, because she was not entitled to FMLA leave at the time that she requested it. Moreover, the district court also held that since Pereda was not eligible for FMLA leave, she could not have engaged in protected activity and so Brookdale could not have retaliated against her. Pereda now appeals.

## II.

We review a dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) de

---

[1] Pereda filed the instant case on May 11, 2010. On June 2, 2010, Brookdale filed a Motion to Dismiss. Pereda failed to file its Response in Opposition and the district court dismissed the case on June 24, 2010. On that same day, Pereda filed a Motion for Relief from the district court's Order of Dismissal based on excusable neglect, which the district court granted on September 13, 2010. A few days later, on September 22, 2010, the district court issued its Order on the merits, and granted Brookdale's Motion to Dismiss on the merits.

novo. <u>Speaker v. U.S. Dep't. of Health &Human Servs. Centers for Disease Control & Prevention</u>, 623 F.3d 1371, 1379 (11th Cir. 2010). We "accept[ ] the factual allegations in the complaint as true and construe[ ] them in the light most favorable to the plaintiff." <u>Id</u>.

III.

Before the Court is the question left open by <u>Walker v. Elmore County, Board of Education</u>, 379 F.3d 1249, 1253 (11th Cir. 2004): "whether the FMLA protects a pre-eligibility request for post-eligibility maternity leave."[2] We resolve that question in the affirmative.

Under section 2615(a) of the FMLA, an employee may bring two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act; and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in an activity protected by the Act. <u>Strickland v. Water Works & Sewer Bd. of Birmingham</u>, 239 F.3d 1199, 1206 (11th Cir. 2001) (citations omitted).

---

[2] In <u>Walker</u>, the Court held that the FMLA did not protect an attempt to exercise the right to begin FMLA-leave before one is eligible. <u>Id</u>. There, Walker, a third-grade teacher, announced she was pregnant and would be needing leave beginning on her due date of August 2. <u>Id.</u> at. 1250. Because Walker needed leave to commence several days before she was eligible under the FMLA, the Court held that she was not protected by the Act. The <u>Walker</u> Court reserved for another day the factual scenario before us today: whether the FMLA protects a pre-eligibility request for post-eligibility maternity leave.

5

In order to receive FMLA protections, one must be both eligible, meaning having worked the requisite hours,[3] and entitled to leave, meaning an employee has experienced a triggering event, such as the birth of a child. See 29 U.S.C. 2612(a)(1) (stating that only an eligible employee shall be entitled to FMLA leave). "The determination of whether an employee has worked for the employer for at least 1,250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months must be made as of the date the FMLA leave is to start." 29 C.F.R. § 825.110(d).[4]

Here, it is undisputed that Pereda, at the time she requested leave, was not eligible for FMLA protection because she had not worked the requisite hours and had not yet experienced a triggering event, the birth of her child. It is also undisputed that she would have been entitled to FMLA protection by the time she gave birth and began her requested leave.[5]

---

[3] Under the FMLA, an eligible employee is one who has worked for at least 12 months, and for at least 1,250 hours during the previous 12-month period. 29 U.S.C. § 2611(2).

[4] Brookdale argues 29 C.F.R. § 825.110(d) is inapplicable to this case because the regulation was enacted to address whether a employee out on non-FMLA leave could be transferred to FMLA leave once the employee became eligible. Brookdale relies on Brungart v. BellSouth Telecomm. Inc., 231 F.3d 791, 795–97 (11th Cir. 2000) to argue that Pereda's interpretation of the regulation would improperly expand the reach of the FMLA to cover ineligible employees. We find Brungart, which held an employer's failure to provide sufficient notice of ineligibility did not transform an ineligible employee to an eligible employee, inapplicable to the issues of this case. Moreover, our holding does not expand FMLA eligibility to an otherwise ineligible employee.

[5] Pereda was first employed by Brookdale on October 5, 2008 and terminated on September 5, 2009. Had she not been terminated, Pereda would have been eligible and entitled to begin FMLA-leave as of her due date on November 30, 2009. By November 30, 2009 she would have

The district court denied Pereda's interference claim because she had not yet experienced a triggering event when she requested her leave and, thus, "she was not entitled to FMLA leave such that Defendant could have interfered with her right." Dist. Ct. Order at 4. The district court also denied Pereda's retaliation claim, finding that Pereda's request for leave was not a statutorily protected activity. The district court reasoned that the FMLA did not grant employees the right to request leave before becoming eligible and, because Pereda was not eligible for FMLA leave when she made her request, her request was not an attempt to exercise a protected right.[6]

Pereda argues that if the district court decision is allowed to stand, employees will fear mentioning leave in anticipation of the birth of a child. Moreover, employees would cease to provide their employers with adequate notice of an impeding absence in fear of retaliation. Brookdale counters that Pereda was

been employed 14 months, well within the 12-month/1,250-hour Department of Labor ("DOL") requirement.

[6] In support of its conclusion that an employee who is not eligible at the time of her request does not engage in protected activity, the district court cited several district court opinions. See Dist. Ct. Order at 6. We conclude these cases are inapplicable because none of the cases cited involved an employee who would have been eligible at the time his or her leave was to commence. See Hills v. Wal-Mart Stores, Inc., No. 08-23197-CIV, 2010 WL 1839268, at *7–8 (S.D. Fla. May 6, 2010) (dismissing retaliation claim when plaintiff was not an eligible employee at the time of the request or when leave commenced); Pennant v. Convergys Corp., 368 F. Supp. 2d 1307, 1310 (S.D. Fla. 2005) (calculating eligibility as of the day leave commenced per 29 C.F.R. § 825.110(d)); Morehardt v. Sprint Airlines, Inc., 174 F. Supp. 2d 1272, (M.D. Fla. 2001) (dismissing retaliation claim when employee had not worked the required number of hours by the day of her request, which was also the day FMLA leave was to commence). Because none of the cases involved a pre-eligibility request for post-eligibility leave, they are not applicable here.

not an FMLA eligible employee at any point during her employment because she was terminated well before the 12-month/1,250 hour requirement. Because she was not an eligible employee, she was not entitled to any protection pursuant to the FMLA and both her claims were properly dismissed. Moreover, Brookdale argues that Pereda's anticipated eligibility was not sufficient to make her an eligible employee under the FMLA in June 2009, when Brookdale learned of her pregnancy.

After examining the various elements of the FMLA regulatory scheme, such as the 30-day notice requirement and the DOL implementing regulations, we conclude that allowing the district court's ruling to stand would violate the purposes for which the FMLA was enacted. Without protecting against pre-eligibility interference, a loophole is created whereby an employer has total freedom to terminate an employee before she can ever become eligible. Such a situation is contrary to the basic concept of the FMLA. Thus, this Court disagrees with the district court and finds that Pereda stated sufficient facts to establish prima facie claims for both FMLA interference and retaliation. We address each claim in turn.

### A. FMLA Interference[7]

The FMLA makes it illegal "for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). "A Plaintiff claiming interference must demonstrate by a preponderance of the evidence that she was denied a benefit to which she was entitled." Harley v. Health Ctr. of Coconut Creek, 487 F. Supp. 2d 1344, 1357 (S.D. Fla. 2006) (citation omitted). In Harley, Judge Gold explained that "unless unique circumstances exist, a pregnant employee is only entitled to protection against interference with her FMLA rights once she delivers her baby and the circumstances of her needing leave arises." 487 F. Supp. 2d at 1358. The district court in this case, following Harley, held that because Pereda had not yet delivered her child, she was not entitled to leave at the time of her request, and, thus, Pereda could not prove she was denied a benefit to which she was entitled. We disagree with such a narrow interpretation of the statute.

We hold that because the FMLA requires notice in advance of future leave, employees are protected from interference prior to the occurrence of a triggering event, such as the birth of a child. The FMLA mandates that, "In any case in which

---

[7] There exists a dearth of opinions from circuit courts on the precise issue we are dealing with here. Consequently, we are setting forth excerpts from some district court opinions that, although not precedential, are illuminating and persuasive.

the necessity for leave . . . is foreseeable based on an expected birth or placement, the employee shall provide the employer with not less than 30 days' notice, before the date the leave is to begin, of the employee's intention to take leave . . . ." 29 U.S.C. § 2612(e)(1). The notice period was meant as protection for employers to provide them with sufficient notice of extended absences. "It would be illogical to interpret the notice requirement in a way that requires employees to disclose requests for leave which would, in turn, expose them to retaliation, or interference, for which they have no remedy." Reynolds v. Inter-Indus. Conf. On Auto Collision Repair, 594 F. Supp. 2d 925,928 (N.D. Ill. 2009).

Without remedy, the advanced notice requirement becomes a trap for newer employees and extends to employers a significant exemption from liability. Beffert v. Pa. Dep't. Of Pub. Welfare, No. Civ. A. 05-43, 2005 WL 906362, at *3 (E.D. Pa., April 18, 2005). Such an interpretation is inconsistent with FMLA and the purpose of the Act. If we were to hold that Pereda had no cause of action for interference because she had not yet been employed the full 1,250 hours during a 12-month period, or given birth to her child, than she should not be required to give her employer any advance notice of impending leave. As the statute requires advance notice, logic mandates that FMLA be read to allow a cause of action for employees who, like Pereda, in goodwill exceed the notice requirement.

10

In support of its position, Brookdale argues that, pursuant to DOL's implementing regulation 29 C.F.R. § 825.112, employees are eligible for FMLA leave only upon the delivery of a child. Eligibility is but one aspect of the regulation. Notice of a future trigger event is another. It is axiomatic that the delivery of a child is necessary in order for FMLA leave to actually commence, but that requirement does not open the door for pre-eligible interference with FMLA rights with impunity. Furthermore, that regulation cannot be read in isolation. Taken together with other regulations addressing leave, it is clear that the FMLA scheme intends that a determination as to FMLA eligibility be made "as of the date the FMLA leave is to start." 29 C.F.R. §  825.110(d). "Moreover, the "reference to 'employee' rather than 'eligible employee' . . . is a recognition that some employees will and should give notice of future leave before they have been on the job for twelve months." Beffert, 2005 WL 906362, at *3. Notice of an intent to use FMLA leave in the future is distinct but deserving of similar protection.

Thus, because the statute contemplates notice of leave in advance of becoming eligible, i.e., giving birth to a child, the FMLA regulatory scheme must necessarily protect pre-eligible employees such as Pereda, who put their employers on notice of a post-eligibility leave request. An expectant mother who is along in

11

her pregnancy cannot hide that, in due time, she will give birth to a child. By the very nature of the fact that a full-term pregnancy takes nine months to complete, not affording pre-eligible expecting parents any protection would leave them exposed to adverse action by their employer.

Although there are no Eleventh Circuit decisions on point, there is helpful precedent on the meaning of "employee" for FMLA purposes. While on concededly distinct facts, here we must construe Pereda as "eligible" for protection if we are to honor the purpose for which FMLA was enacted. In Smith v. BellSouth Telecommunications, Inc., 273 F.3d 1303, 1307 (11th Cir. 2001), we held that a former employee who alleged that his employer retaliated against him in its decision not to rehire him is considered an "employee" within the meaning of the FMLA. We further explained that a narrow interpretation would permit an employer to evade the FMLA by blacklisting an employee that the employer suspects is likely to take advantage of the Act. Id. at 1307 (citing Duckworth v. Pratt &Whitney, Inc., 152 F.3d 1,11 (1st Cir. 1998)). Here, the interpretation that Brookdale urges would similarly frustrate the purpose of the FMLA by permitting employers to eliminate staff that the employer perceives will need FMLA.

In that same vein, Brookdale argues that the term "eligible employee" in the FMLA evinces clear congressional intent to limit the right to bring private actions.

12

This Court does not disagree entirely. An employee has to be both eligible and entitled to FMLA leave on the day her FMLA leave is to commence. As stated above, these requirements do not open the door for pre-eligibility interference with FMLA rights. Contrary to Brookdale's contentions, the Court's holding today does not expand FMLA coverage to a new class of employees. We are simply holding that a pre-eligible employee has a cause of action if an employer terminates her in order to avoid having to accommodate that employee with rightful FMLA leave rights once that employee becomes eligible.

## B. FMLA Retaliation

Turning to Pereda's claim for FMLA retaliation, in order to state a prima facie case, Pereda must show that: "(1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment decision; and (3) the decision was casually related to a protected activity." Walker, 379 F.3d at 1252 (citing Strickland, 239 F.3d at 1207). After concluding that Pereda was not eligible for FMLA benefits, the district court ruled that she therefore could not have engaged in statutorily protected activity, even if she would have become eligible at some point in the future.

Because we have concluded that the FMLA protects a pre-eligibility request for post-eligibility maternity leave, we hold that Pereda could also state a cause of

13

action for FMLA retaliation. Here, we need only address the first prong of FMLA's retaliation analysis. Under the allegations of the Complaint, Pereda was engaged in statutorily protected activity when she discussed with her employer the FMLA leave she was denied after the birth of her baby.

We hold that a pre-eligible request for post-eligible leave is protected activity because the FMLA aims to support both employees in the process of exercising their FMLA rights and employers in planning for the absence of employees on FMLA leave. Protecting both reflects that the FMLA should be executed "in a manner that accommodates the legitimate interest of employers," 29 U.S.C. 2601(b)(3), without abusing the interests of employees.

Under the FMLA an employee need not be currently exercising her rights or currently eligible for FMLA leave in order to be protected from retaliation. The FMLA makes it "unlawful for any employer to interfere with, restrain or deny the exercise of or the attempt to exercise, any right" provided under the FMLA. 29 U.S.C. § 2615(a)(1). The FMLA also protects employees and prospective employees even if the individual is not currently eligible or entitled to leave. See 29 C.F.R. § 825.220 (prohibiting employers from discriminating against employees or prospective employees who have previously used FMLA leave); see also Potts v. Franklin Elec. Co., No. Civ. 05-443, 2006 WL 2474964, at *1 (E.D.

14

Okla. 2006) (holding an employee who gave notice of expected FMLA leave could bring a retaliation claim even though a triggering event never occurred).  In Potts, the district court reasoned that "[i]f courts were to read the FMLA to allow employers to dismiss ineligible employees who give advance notice of their need for FMLA leave, it would open a large loophole in the law and undermine the plain language and purpose of the notice requirement in § 2612(e)(1)." 2006 WL 2474964, at *3.  Similarly, the FMLA protects Pereda from retaliation, even though at the time of her request and termination, she was not yet eligible or entitled to FMLA leave because she had not yet given birth.[8]  The question remains for the district court as to whether there is colorable evidence that Brookdale did in fact retaliate against plaintiff.

Brookdale warns of a slippery slope where, if Pereda's argument is accepted, an employee could be deemed FMLA eligible from the first week of employment. However, as the court mentioned in Reynolds, "The scenario in

---

[8] Our holding that a pre-eligibility request for post-eligibility leave is a protected activity is in accord with other courts to consider the issue. See Skrjanc v. Great Lakes Power Serv. Co., 272 F.3d 309, 314 (6th Cir. 2001) ("The right to actually take [FMLA] leave . . . includes the right to declare an intention to take such leave in the future."); Beffert, 2005 WL 906362, at *3 (holding a pregnant employee who provided notice of post-eligible FMLA leave could bring a retaliation claim even though she was not eligible at the time of her request); Reynolds, 594 F. Supp. 2d at 928 (finding an employer "has no legitimate interest in being able to terminate an eleventh month-employee for simply requesting foreseeable leave for which he is eligible" especially when the same decision would be prohibited a month later); Walker, 223 F. Supp. 2d at 1260 (finding it "absurd" to interpret the FMLA to allow a employer to retaliate against an employee who gives pre-eligible notice of post-eligible leave).

15

which an employee works eight hours and then requests foreseeable FMLA leave beginning in 364 days . . . is a non-starter." 594 F. Supp. 2d at 930. That employee, just as Pereda, still could be terminated for legitimate reasons, such as poor performance or dishonesty. Moreover, liability to that employee could also be denied for failure to meet other requirements of the FMLA. Our decision today simply means that pre-eligible discussion of post-eligible FMLA leave is protected activity under the FMLA. Accordingly, because Pereda engaged in protected activity by discussing her maternity plans with her employer, she has alleged a valid cause of action for retaliation under the FMLA.

## IV.

For the foregoing reasons, the district court's judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**