M. Angella **WILLIAMS**, Plaintiff,

v.

**CROWN LIQUORS OF BROWARD, INC.**, a Florida corporation d/b/a **Crown Wine & Spirits**, Defendant.

**Case No. 11–CIV–61341.**

United States District Court, S.D. Florida.

July 19, 2012.

**1308**

Ellen Marcie Leibovitch, Assouline & Berlowe, P.A., Boca Raton, FL, for Plaintiff.

Salvatore Hazard Fasulo, Tripp Scott, P.A., Fort Lauderdale, FL, for Defendant.

### *ORDER*

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court on Defendant, Crown Liquors of Broward,

Inc.'s ("Crown['s]") Motion for Judgment as a Matter of Law ("Motion") [ECF No. 77], filed July 13, 2012. A jury trial was held in this matter over four days between July 2 and 6, 2012, on Plaintiff, M. Angella Williams's ("Williams['s]") three claims against Crown—for pregnancy discrimination in violation of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e, *et seq.* ("PDA") (Count I); retaliation in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA") (Count II); and interference in violation of the FMLA (Count III). (*See* [ECF Nos. 70–72, 74]; Mar. 28, 2012 Order, 851 F.Supp.2d 1332 (S.D.Fla.2012) [ECF No. 49]). Following the trial, a verdict was entered in favor of Crown on Counts I and III, and in favor of Plaintiff on Count II. (*See* Verdict [ECF No. 75]). Defendant Crown now seeks judgment as a matter of law under Federal Rule of Civil Procedure 50 on Count II for FMLA retaliation. The Court has carefully reviewed the Motion, the record, and applicable law.

### I. LEGAL STANDARD

Judgment as a matter of law for a defendant under Federal Rule 50(b) is appropriate where "there is insufficient evidence to prove an element of the claim, which means that no jury reasonably could have reached a verdict for the plaintiff on that claim." *Collado v. United Parcel Serv., Co.*, 419 F.3d 1143, 1149 (11th Cir.2005) (citing *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192 (11th Cir. 2004); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Bogle v. Orange Cnty. Bd. of Comm'rs*, 162 F.3d 653, 659 (11th Cir. 1998)). All inferences are drawn in favor of the non-moving party. *See id.* (citing *Cleveland*, 369 F.3d at 1192–93). "[I]n

order to survive a defendant's motion for judgment as a matter of law, offered at the conclusion of the plaintiff's case, the plaintiff must present evidence that would permit a reasonable jury to find in the plaintiff's favor on each and every element of the claim." *Bogle,* 162 F.3d at 659.

## II. ANALYSIS

■ Crown asserts that judgment as a matter of law is proper on Count II because the jury found Williams was not entitled to the extended FMLA leave she requested, and therefore her request for such leave was neither activity protected by the FMLA nor a basis for a retaliation claim. (*See* Mot. 2). The Eleventh Circuit has held:

> To establish a prima facie case of retaliation, the plaintiff must show that: (1) he engaged in statutorily protected activity; (2) he experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action.

*Hurlbert v. St. Mary's Health Care Sys., Inc.,* 439 F.3d 1286, 1297 (11th Cir.2006). Crown's argument regarding Count II is limited to the first prong of this test—whether Williams's request for extended leave was statutorily protected activity.

Crown's position is that to engage in statutorily protected activity by requesting leave, one must be in fact entitled to that leave. Key to Crown's argument is the concept of "entitlement." The jury was asked, with respect to the interference claim in Count III, whether it found "[t]hat the Plaintiff was *entitled* to the extended FMLA leave of absence she requested but that such leave was denied by the Defen-

dant?" to which the jury answered "No." (Verdict 4) (emphasis added). According to Crown, because the jury found Williams was not entitled to extended leave, she was not engaged in protected activity, and her retaliation claim must fail. (*See* Mot. 7).[1] Crown argues this even though when the jury was asked whether it found, as to retaliation (Count II), "[t]hat the Plaintiff engaged in a protected activity by requesting extended FMLA leave?" the jury answered "Yes." (Verdict 3).

To this end, Crown quotes *Strickland v. Water Works and Sewer Bd. of City of Birmingham,* 239 F.3d 1199 (11th Cir. 2001), in which the Eleventh Circuit stated, "to succeed on a retaliation claim, an employee must demonstrate that his employer intentionally discriminated against him in the form of an adverse employment action for having exercised an FMLA right." *Id.* at 1207 (citing *King v. Preferred Technical Grp.,* 166 F.3d 887, 891 (7th Cir.1999)). However, nothing in the *Strickland* decision mandates a finding that exercise of an "FMLA right" requires Williams to have shown the jury she was ultimately entitled to extended leave. The broader nature of rights protected by the FMLA is illustrated in another case, *Pereda v. Brookdale Senior Living Communities, Inc.,* 666 F.3d 1269 (11th Cir.2012), upon which Crown itself also relies.

In that case, the plaintiff Pereda advised her employer that she was pregnant and would be requesting FMLA leave in the future, after the expected birth of her child. *See* 666 F.3d at 1271. During her pregnancy, Pereda experienced complications and missed some work, although she was eligible at the time for non-FMLA

---

1. Crown argues that as there is no dispute that it never granted Williams extended leave, the only logical interpretation of the jury's finding is that Williams was not entitled to extended leave. (*See* Mot. 4–5). The Court proceeds on this assumption while observing that whether the jury's "No" finding related to Williams's entitlement to extended leave, or to Crown's denial of the extended leave, the outcome of the present Motion is the same.

leave. *See id.* Before she gave birth and became eligible for leave under the FMLA itself, she was fired. *See id.* The district court below held that because she was not FMLA-eligible at the time she requested her leave, she was not engaged in statutorily protected activity, and her retaliation and interference claims failed. *See id.* at 1273.

The Eleventh Circuit on review stated that "[i]n order to receive FMLA protections, one must be both eligible, meaning having worked the requisite hours, and entitled to leave, meaning an employee has experienced a triggering event, such as the birth of a child." *Id.* at 1272 (footnote call number omitted). The court found it was undisputed both that the plaintiff was not *eligible* for protection at the time of her request (because she had not yet worked enough hours nor given birth), and that she would have been both eligible and *entitled* to FMLA protection by the time she gave birth and began her leave. *See id.* & n. 5. The Eleventh Circuit reversed the district court, holding that the district court's ruling "would violate the purposes for which the FMLA was enacted. Without protecting against pre-eligibility interference, a loophole is created whereby an employer has total freedom to terminate an employee before she can ever become eligible." *Id.* The court noted that an overly narrow interpretation of the statute "would permit an employer to evade the FMLA by blacklisting an employee that the employer suspects is likely to take advantage of the Act." *Id.* at 1275 (citing *Smith v. BellSouth Telecomms., Inc.,* 273 F.3d 1303, 1307 (11th Cir.2001)). The Eleventh Circuit concluded that "the FMLA protects a pre-eligibility request for post-eligibility maternity leave." *Id.*

Thus, the Eleventh Circuit held that the plaintiff's request, made pre-eligibility and pre-entitlement, was protected activity under the FMLA. Crown does not dispute Williams's eligibility for extended leave at any point. If Williams's request was pre-entitlement as well, then under *Pereda* her request was necessarily protected activity. Crown's argument appears to be that in light of the jury's finding, Williams's request could not be pre-entitlement, because she was never ultimately entitled to her extended leave. The question therefore is whether, if the plaintiff never receives her entitlement to leave—that is, the triggering event never occurs—the plaintiff's request for leave is nevertheless protected.

It is hard to imagine the outcome in *Pereda* would have changed if, for whatever reason, the plaintiff did not ultimately give birth to her child. The plaintiff's triggering event for entitlement would never have occurred, yet to hold that her request for leave during pregnancy is therefore *ex post facto* unprotected would eviscerate *Pereda's* holding. In fact, the court in *Pereda* expressly cited a case, *Potts v. Franklin Elec. Co.,* No. Civ. 05–433–JHP, 2006 WL 2474964 (E.D.Okla. Aug. 24, 2006), in which a court permitted a retaliation claim to stand even where the triggering event never occurred. *See* 666 F.3d at 1276. In *Potts,* the plaintiff was given to believe by his dentist that he had oral cancer, and he "rightly" believed he was required to give his employer advance notice of anticipated need for FMLA leave for biopsy and treatment. 2006 WL 2474964, at *4. Although the defendant argued that a retaliation claim must fail because the plaintiff later discovered he did not have cancer, and thus entitlement to leave was never triggered, the court found that it would be "unjust and contrary to the structure of the FMLA to prohibit a person in Plaintiff's position from pursuing either an interference, or retaliation claim." *Id.* at *2, 4. This decision, discussed in *Pereda,* indicates it is

not necessary for the triggering event to ultimately occur for a pre-entitlement request to be protected activity. In the present action, the triggering event for *extended* FMLA leave was Crown's determination that she was entitled to the leave as set forth in the Crown employee handbook presented at trial. (*See* Ex. and Witness List [ECF No. 76] 2). The fact that this triggering event did not occur therefore does not, by itself, preclude Williams's claim.

The court in *Pereda* did recognize potential limitations to this reasoning. The defendant warned of a "slippery slope" whereby an employee could be protected under the FMLA from the first week of employment, but the *Pereda* court downplayed this concern by emphasizing the scope of its decision to "pre-eligible discussion of post-eligible FMLA leave." 666 F.3d at 1276. The court cited *Reynolds v. Inter–Indus. Conf. On Auto Collision Repair*, 594 F.Supp.2d 925, 928 (N.D.Ill. 2009), in support of this limiting principle. *See id.* In fact, both *Pereda* and *Reynolds* contain instructive discussion on the scope of protection of pre-eligibility and/or pre-entitlement requests for leave.

Both courts found it persuasive that the FMLA not only encourages but *requires* an employee to give 30 days' advance notice of an intention to take leave, where "the necessity for leave … is *foreseeable.*" *Id.* at 1274 (quoting 29 US.C. § 2612(e)(1)) (emphasis added); *Reynolds*, 594 F.Supp.2d at 928 (same). The *Pereda* court further stated that the plaintiff

should not be penalized for actually exceeding this notice requirement, "in *goodwill.*" 666 F.3d at 1274 (emphasis added). It is the foreseeability of the entitlement to leave, or goodwill (good faith) in requesting it in advance, that would mitigate the "slippery slope" concern expressed by the court.[2] This requirement of foreseeability, or good faith, is mirrored in case law on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, which provides a relevant analogy to FMLA cases. *See Graham v. State Farm Mutual Insurance Co.*, 193 F.3d 1274, 1283 (11th Cir.1999) (applying precedent from the Eleventh Circuit and other circuit courts under Title VII to analyze adverse employment action with respect to FMLA claim).

Under Title VII, a plaintiff's entitlement to relief is premised on her employer's engaging in an unlawful practice— the discriminatory practice itself is the triggering event. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (stating that the statute of limitations under Title VII begins when the " 'alleged unlawful employment practice occurred' ") (quoting 42 U.S.C. § 2000e–5(e)(1)). Courts have held that even where the triggering event never occurs, *i.e.*, the employer was found not to have engaged in an unlawful practice, a plaintiff's complaint is still protected activity where the plaintiff acted in good faith. Thus, under Title VII, "[a] plaintiff engages in 'statutorily protected activity' when he or she protests an employer's conduct which is actually law-

---

2. A requirement that entitlement to leave be foreseeable would distinguish *Pereda* or *Reynolds* from the case of *Walker v. Elmore County Board of Education*, 379 F.3d 1249 (11th Cir. 2004), in which the Eleventh Circuit addressed the question of "whether a request for maternity leave made by an employee who is ineligible at the time of her request constitutes an attempt to exercise an FMLA right."

*Id.* at 1250. In that case, the employee could not have been eligible or entitled even at the time her requested leave would have begun, because she would not have worked for her employer a sufficient amount of time. *See id.* at 1253. Thus the holding that her request was not protected activity is inapposite to those two cases.

ful, so long as he or she demonstrates 'a good faith, reasonable belief that the employer was engaged in unlawful employment practices.'" *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1388 (11th Cir.1998) (quoting *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir.1997)). The Eleventh Circuit has stated that to require a plaintiff to further "prove the underlying discriminatory conduct that he opposed was actually unlawful ... 'would ... chill the legitimate assertion of employee rights under Title VII.'" *Little*, 103 F.3d at 960 (quoting *Sias v. City Demonstration Agency*, 588 F.2d 692, 695 (9th Cir.1978)). Nevertheless, "it is insufficient for a plaintiff 'to allege his belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable.'" *Harper*, 139 F.3d at 1388 (quoting *Little*, 103 F.3d at 960).

■ The present Motion would require the Court to find that "no jury reasonably could have" found Williams's request for extended leave to have been made in good faith. *Collado*, 419 F.3d at 1149. The Court cannot so find. There is more than sufficient evidence in the record that Williams's belief in her entitlement to extended leave was reasonable, such that judgment as a matter of law on Count II is not warranted. Williams presented evidence at summary judgment and at trial that, in her reasonable belief, she was entitled to extended leave past her due-date under a combination of Crown's FMLA, "Leave of Absence Without Pay," and accrued-vacation policies. (Pl.'s Concise Statement of Material Facts ... ("SMFO") ¶ 24 [ECF No. 44] ). To the extent Crown would argue that granting extended leave was solely within Crown's unfettered discretion, Williams presented evidence at summary judgment and at trial

regarding other managers who were granted extended leave, although there was some contrary evidence as to how similarly-situated they were to Williams. Williams testified, in any event, that these other managers influenced her belief that she would be entitled to extended leave as they had been. The Court would further note that since it is undisputed that Williams was eligible *to request* extended leave, the fact that the jury found she was not ultimately entitled to that leave does not render the request itself unreasonable. In this context, Williams's claim hardly raises the specter of a slippery slope, and the Court finds no persuasive reason to disturb the jury's express finding that Williams's request for extended leave was protected activity under the FMLA.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Judgment as a Matter of Law [ECF No. 77] is **DENIED.**