[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10259
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-02475-RAL-TBM


DANIELLE MILLER,

Plaintiff - Appellant,

versus


ROCHE SURETY AND CASUALTY CO., INC.,
ROCHE BAIL BONDS, INC.,
SHANNON ROCHE,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 26, 2012)

Before MARCUS, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Danielle Miller sued Roche Surety & Casualty Co., Inc., Roche Bail Bonds, Inc., and Shannon Roche (collectively Roche), asserting claims under two provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 215(a)(3), 207(r)(1).  Specifically, Miller alleged that Roche violated § 207(r)(1) because it did not give her a time and place to express breast milk and that Roche violated § 215(a)(3) when it terminated her employment after she asked for a time and place to do so.  The case went to trial before a jury.  After Miller's testimony, the district court granted Roche's motion for judgment as a matter of law, concluding that there was not a legally sufficient evidentiary basis for the jury to find that Roche violated either FLSA provision.

On appeal, Miller argues that the district court erred in granting Roche's motion for judgment as a matter of law.  After careful review, we conclude that the district court properly entered its judgment.

I.

We review de novo a district court's grant of judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure, applying the same legal standard as the district court.  See Pickett v. Tyson Fresh Meats, Inc., 420 F.3d 1272, 1278 (11th Cir. 2005).  Under Rule 50, a court should grant a motion for

2

judgment of law if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50; see Pickett, 420 F.3d at 1278. A court should deny such a motion when "reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." Christopher v. Florida, 449 F.3d 1360, 1364 (11th Cir. 2006) (quoting Walker v. Nationsbank of Florida N.A., 53 F.3d 1548, 1555 (11th Cir. 1995)).

We review all evidence in the record and draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 149-50, 120 S. Ct. 2097, 2110 (2000). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id.

## II.

Section 207(r)(1) requires that an employer provide a reasonable break time and a private place, other than a bathroom, for an employee to express breast milk. § 207(r)(1). While working for Roche, Miller was free to take breaks as needed. Her breaks were neither counted nor timed, and she was never criticized for taking a break. Miller was also given a one-hour lunch break. Miller testified that she received the necessary breaks to express breast milk.

3

Miller also had access to a private place. Vacant, nearby offices were available to Miller as a private location to express breast milk.[1] However, Miller preferred to use her office. To facilitate this use of her office, she taped folders to her office window for privacy. She did this without informing anyone at Roche that she would be expressing breast milk in her office and she did not ask for a different location. Because Miller testified that she was given the necessary breaks for this purpose and she had access to a private place to do so, the district court correctly concluded that the evidence was insufficient for a reasonable jury to find that Roche violated § 207(r)(1).

Miller also argues that the district court erred in concluding that no damages were available to her for the alleged § 207(r)(1) violation. But because Roche did not violate this provision, we need not decide the issue of damages. See § 216(b) (stating that an "employer who violates the provisions of . . . section 207 of this title shall be liable" for damages to the employee) (emphasis added).

III.

---

[1] One evening a week, Miller operated a sole proprietorship using Roche's office space. During this time, she expressed breast milk in the bathroom. At trial, Miller testified that she was working as a sole proprietor instead of a Roche employee when this happened. Now, in her reply brief, she claims that she was employed by Roche during this time. Arguments raised for the first time in a reply brief are deemed waived. In re Egidi, 571 F.3d 1156, 1163 (11th Cir. 2009).

Section 215(a)(3) provides in relevant part that "it shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint." § 215(a)(3).  To establish a prima facie case of retaliation under the FLSA, Miller must show that (1) she engaged in statutorily protected activity; (2) she suffered adverse action by her employer; and (3) this adverse action occurred as a consequence of her protected activity.  Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000).  Filing a complaint is statutorily protected activity.  Kasten v. Saint-Gobain Performance Plastics Corp., __U.S.__, 131 S. Ct. 1325, 1330-31 (2011). On appeal, Miller argues that she filed a complaint within the meaning of § 215(a)(3) when she emailed her supervisor to ask for a time and place to express breast milk.  Roche contests this, asserting that this email request does not constitute the filing of a complaint under § 215(a)(3).

Although the filing of a complaint under § 215(a)(3) need not be in the form of an official complaint, see E.E.O.C. v. White & Son Enters., 881 F.2d 1006, 1011 (11th Cir. 1989), or even be in writing, some degree of formality is required in order that the employer has fair notice that an employee is lodging a grievance. Kasten, 131 S. Ct. at 1334-36. This "notice requirement" is essential because "an employer who does not (or should not) know an employee has made a complaint

5

could [not] discriminate because of that complaint." Id. at 1335-36.  In keeping with this idea, the complaint must be sufficiently clear and detailed so that a reasonable employer, considering the context and content, can understand that an employee is asserting rights provided by the FLSA and calling for the protection of those rights.  Id.

Neither the context nor content of Miller's email put Roche on notice that she was lodging a grievance.  Indeed, the circumstances surrounding the email would not have informed a reasonable employer that Miller was filing a complaint.  Before sending the email, Miller had never asked for, or been denied, a time or place to express breast milk.  She was given breaks at her leisure without question or criticism.  Miller decided to express breast milk in her office without notifying any Roche supervisors.  She did not complain or ask for a different location.

Miller argues that because Roche monitored her email communications, through which she voiced her discontent with Roche, her emails to family and friends were tantamount to filing a complaint under § 215(a)(3).  Specifically, Miller sent an email to a friend entitled "Federal Law," which referenced § 207(r)(1).  She never showed this email to anyone at Roche and neither did she tell anyone at Roche that she believed the law was violated.  We reject Miller's argument that this email effectively notified Roche of her § 207(r)(1) grievance.

6

Because Miller did not direct the statutory reference to Roche, her email would not have met the formality requirements of § 215(a)(3) so as to put Roche on notice that a complaint had been filed.

It is also true that the content of Miller's email would not have alerted Roche to any alleged wrong. The email provided:

> Shannon, I'm scheduled tomorrow all day at the bail office, so therefore, I need to know where I can use my breast pump at and who will cover the office while I'm doing it. I'll need to be able to do it at least twice while there. Please let me know. Thanks.

Far from notifying Roche that a grievance had been lodged, this email does not allege or even intimate that Roche violated the law.  Miller concedes that it is "not typical" for requests for future compliance, instead of complaints for past violations, to be treated as complaints under § 215(a)(3).  Nonetheless, to support her proposition that a prospective request is protected activity under the FLSA, Miller points to our interpretation of the Family and Medical Leave Act (FMLA) in Pereda v. Brookdale Senior Living Communities, Incorporated, where we concluded that a pre-eligibility request for post-eligibility maternity leave is protected activity under the FMLA. 666 F.3d 1269, 1272 (11th Cir. 2012). However, our analysis in Pereda was based on the FMLA's provision that it is "unlawful for any employer to interfere with, restrain or deny the exercise of or the

7

attempt to exercise, any right" provided under the FMLA. 29 U.S.C. § 2615(a)(1); Pereda, 666 F.3d at 1275. Insofar as the FLSA contains no such provision, our holding in Pereda gives no support to Miller's argument.  See § 215.[2]

Because Miller's email would not have appraised a reasonable employer that a complaint had been filed, it does not rise to the level of a complaint under § 215(a)(3).  As the district court correctly observed, Miller's request for a time and place to express breast milk does not provide a legally sufficient basis for the jury to find that a complaint was filed under § 215(a)(3).

For these reasons, we affirm the judgment of the district court.

**AFFIRMED**.

---

[2] Neither does Miller's reference to our sister circuits' interpretation of the Americans with Disability Act (ADA), which contains a similar provision prohibiting interference with rights protected under the ADA, help her. Again, the FLSA contains no such provision.