[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11699
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-00066-EAK-AEP

BILJANA PIVAC,

Plaintiff-Appellant,

versus

COMPONENT SERVICES & LOGISTICS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 1, 2014)

Before PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Biljana Pivac, appearing through counsel, appeals the district court's grant

of summary judgment to her former employer, Component Services & Logistics,

Inc. ("CSL"), on her FMLA interference and retaliation claims. She contends that the court erred by striking a portion of her sworn statement submitted in opposition to CSL's motion for summary judgment, and by granting that motion after concluding that she failed to establish an FMLA-protected "serious health condition." We address each of her claims, in turn.

## I.

Pivac first argues that the district court abused its discretion by striking a portion of her October 2012 sworn statement declaring that she had visited a doctor three times in 2012 for depression and been treated with anti-anxiety medication. The court concluded that her statement was both irrelevant and contradictory to her earlier deposition testimony, in which she stated that she had not visited a doctor through March 2012.

We review a district court's decision to strike an affidavit for abuse of discretion. *Hall v. United Ins. Co. of Amer.*, 367 F.3d 1255, 1259 (11th Cir. 2004). We may affirm the judgment of the district court "on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012), *cert. denied*, 133 S.Ct. 1810 (2013).

"Relevant evidence" is defined broadly under Fed.R.Evid. 401 as evidence having "any tendency to make a fact more or less probable than it would be

2

without the evidence." Fed.R.Evid. 401(a). But regardless of relevance, not all evidence must be considered on a motion for summary judgment. For example, recognizing that parties may try to escape summary judgment by using affidavits to create issues of fact where none otherwise existed, we have allowed an affidavit to be disregarded if it "flatly contradict[s]" earlier deposition testimony without explanation. *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986). But, that said, "[a] definite distinction must be made between discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence." *Id.*

Under Fed.R.Civ.P. 26(e)(1)(A), a party is required to supplement or correct its discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." If a party fails to supplement, then that party may not use any such additional or corrective information "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

Here, it appears that Pivac's statement was potentially relevant in this case— specifically, to the question of whether she suffered from an FMLA-protected "serious health condition." *See* Fed.R.Evid. 401(a); 29 U.S.C. § 2612(a)(1)(D).

3

Moreover, as she points out, her sworn statement could be read in harmony with her earlier deposition testimony, if one assumes that her statement refers only to post-deposition events.

In any case, however, Pivac's failure to supplement her initial discovery disclosures merited exclusion under Rule 37. *See* Fed.R.Civ.P. 37(c)(1). During discovery, CSL requested all records related to Pivac's medical treatment, and any other documentation that would tend to support her allegations.[1] Yet, there is no dispute that Pivac did not supplement her initial responses with additional documentation supporting her later sworn statement. Finally, Pivac has not offered, and did not offer below, any legitimate reason to justify her omission or otherwise demonstrate that it was harmless. For these reasons, the court could have properly stricken Pivac's sworn statement under Rule 37, so we affirm on that basis. *Kernel Records Oy*, 694 F.3d at 1309.

## II.

Next, Pivac contends that the district court erred when it granted CSL's motion for summary judgment on her FMLA interference and retaliation claims because a reasonable jury could conclude that she suffered from a "serious health

---

[1]     Plaintiff argues on appeal that Interrogatory No. 8—requesting names of providers—was time-limited and therefore not subject to the supplementation requirement. We need not address that argument because other requests for the production of documents cannot be read to avoid the duty to supplement.

condition." The court noted that this was a prerequisite to both of Pivac's FMLA claims, and because she could not establish as much, her claims were foreclosed.

We review a district court's grant of summary judgment *de novo*, viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmoving party. *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1231 (11th Cir. 2011). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial." *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) (quotations and citation omitted). No genuine issue of material fact exists if a party has failed to make a showing sufficient to establish an essential element on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Under the FMLA, eligible employees are entitled to up to 12 workweeks of unpaid leave during any 12-month period for "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). We have recognized that the FMLA creates two types of claims: (1) interference claims, in which an employee asserts

5

that her employer denied or otherwise interfered with her substantive rights under the Act; and (2) retaliation claims, in which an employee asserts that her employer discriminated against her because she engaged in activity protected by the Act. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006) (quotations and citation omitted); *see also* 29 U.S.C. § 1615(a)(1), (2). Importantly, while we have set forth the *prima facie* elements of FMLA interference and retaliation claims, *see, e.g.*, *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1273-75 (11th Cir. 2012), "[i]nterference and retaliation claims both require the employee to establish a 'serious health condition,'" *Russell v. N. Broward Hosp.*, 346 F.3d 1335, 1340 (11th Cir. 2003).

The FMLA defines a "serious health condition" as an illness, injury, impairment, or physical or mental condition that involves either "inpatient care in a hospital, hospice, or residential medical care facility," or "continuing treatment by a health care provider." 29 U.S.C. § 2611(11). There is no allegation that Pivac received any inpatient care. Turning then to the second criterion, the FMLA does not define "continuing treatment by a health care provider," but the Department of Labor has filled the gap with a regulation enumerating several qualifying touchstones, two of which are relevant here. *See* 29 C.F.R. § 825.115. First, continuing treatment may include "[i]ncapacity and treatment," meaning that the employee both suffered a period of incapacity of "more than three consecutive"

6

days, and received either of the following:  (i) in-person treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances existed; or (ii) in-person treatment at least once, which resulted in a regimen of continuing treatment under the supervision of a health care provider. 29 C.F.R. § 825.115(a)(1)-(3).  Second, continuing treatment also includes "[c]hronic conditions," which are defined as those that:  (i) require periodic visits (defined as at least twice a year) by or under the supervision of a health care provider; (ii) continue over an extended period of time; and (iii) may cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.).  29 C.F.R. § 825.115(c).

In this instance, Pivac's interference and retaliation claims both fail because, as the district court correctly concluded, she failed to introduce sufficient evidence to create a genuine issue of material fact as to whether she suffered from a "serious health condition."  The operative phrase here is "continuing treatment," and the evidence does not show that Pivac received any such treatment under either of the pertinent regulatory provisions.  Starting with § 825.115(a), although there is no dispute that Pivac suffered a qualifying incapacity during her October 2011 leave of absence, she did not further show that her incapacity was accompanied by the requisite treatment.  *See* 29 C.F.R. § 825.115(a)(1)-(3).  The record shows that Pivac made a lone doctor visit in October 2011, complaining of anxiety and

7

depression; that she was not prescribed any further treatment as a result of the visit; and finally, that following discussion with her doctor, she returned to work less than two weeks later without restriction.  Thus, unable to show that she received treatment "two or more times," or that her doctor visit resulted in a "regimen of continuing treatment," Pivac failed to demonstrate "[i]ncapacity and treatment" under § 825.115(a).

Next, Pivac likewise failed to show that she suffered from a qualifying "chronic condition" under § 825.115(c).  There is no indication in the record that her alleged condition "[r]equire[d] periodic visits," or that it "[c]ontinue[d] over an extended period of time."  29 C.F.R. § 825.115(c)(1)-(2).  Rather, the record shows only that she sought out treatment for her purported anxiety and depression on a single, isolated visit for an ailment that lasted less than two weeks.  On that evidence, Pivac failed to show that her purported condition was chronic under § 825.115(c). [2]

Finally, although both CSL and Pivac address the *prima facie* elements of FMLA interference and retaliation claims on appeal, the district court correctly found it unnecessary to address those elements in detail because Pivac's claims

---

[2]    We conclude that even if Pivac's sworn statement were considered, her unsupported allegation would still not allow her to survive summary judgment.  *See Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion.").

failed at the outset.  In sum, the evidence did not show that Pivac suffered from an

FMLA-protected "serious health condition."  Therefore, we affirm.

**AFFIRMED.**